In the Matter of BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF BUFFALO, Appellant, v FRANK MUNOZ, Individually and as New York State Review Officer, et al., Respondents. [792 NYS2d 275]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Peter J. Notaro, J.), entered December 19, 2003, in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking review of a determination of a State Review Officer (SRO) that petitioner was obligated to provide make-up services to one of its students, Michael H. (Michael), because petitioner failed to provide those educational services to him during his placement in an interim alternative educational setting (IAES) of home instruction. Petitioner contends that the determination requiring it to make up those services is arbitrary and capricious and not authorized by law. We disagree.

Michael, a child classified by petitioner's Committee on Special Education as emotionally disturbed, was suspended and placed on an IAES of home instruction from his placement in a private facility as the result of an incident of aggressive behavior. The IAES was challenged by respondent Rachel H., Michael's mother, before an Impartial Hearing Officer (IHO), but it was upheld by the IHO as proper. Rachel H. challenged that determination before the SRO, who affirmed the suspension but determined that petitioner failed to provide Michael with the services required by his individualized education program (IEP) during the suspension. Michael's IEP mandated that, in addition to being provided educational services from a special education teacher, he receive group counseling once per week for 40 minutes, individual counseling once per week for 40 minutes, group speech therapy once per week for 30 minutes, individual speech therapy once per week for 30 minutes, family counseling twice per month for 60 minutes, and crisis intervention as needed. Petitioner conceded that a special education teacher provided Michael with home instruction only twice during the 45-day suspension and that none of the other mandated services were provided during that period. The SRO ordered that petitioner was to provide Michael 13 days of instruction by a special education teacher, three additional 30-minute sessions of individual speech therapy, three 30-minute sessions of group

speech therapy, three 40-minute sessions of individual counseling, and three 40-minute sessions of group counseling, representing all of the services not provided to Michael during his IAES.

Education Law § 4404 (2) provides that: "[a] state review officer of the education department shall review and may modify, in such cases and to the extent that the review officer deems necessary, in order to properly effectuate the purposes of this article, any determination of the impartial hearing officer relating to the determination of the nature of a child's handicapping condition, selection of an appropriate special education program or service and the failure to provide such program and require such board to comply with the provisions of such modification. . . . The state review officer is empowered to make all orders which are proper or necessary to give effect to the decision of the review officer."

A student placed in an IAES due to suspension from his regular placement must "continue to receive those modifications, including those described in the student's current IEP, that will enable the [student] to meet the goals set out in that IEP" (8 NYCRR 201.10 [e] [1]). We conclude that the determination of the SRO requiring petitioner to provide Michael with the services described in his IEP is not arbitrary or capricious, and is authorized by law. We therefore affirm the judgment dismissing the amended petition. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Lawton, JJ.